UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62079-CIV-ALTMAN/Hunt

**CHANEL, INC.**,

     *Plaintiff*,

v.

**FAKESCHANELSHOP.COM**, *et al.*,

     *Defendants.*

_____/

## ORDER

     The Plaintiff filed a Complaint [ECF No. 1], to which the Defendants did not respond. The Plaintiff then filed a Motion for Default Judgment [ECF No. 33] (the "Motion"), which we referred to Magistrate Judge Patrick M. Hunt for a Report and Recommendation, *see* Order of Referral [ECF No 34].

     On June 21, 2022, Magistrate Judge Hunt issued his Report and Recommendation [ECF No. 35] (the "R&R"), in which he suggests that the Motion be granted. *See* R&R at 2. More specifically, Magistrate Judge Hunt determined: a) that "[t]he time allowed for Defendants to respond to the Complaint has expired" and they "have not been granted any extension of time to respond," *Id.* at 5; b) that the Plaintiff has sufficiently alleged and established each of its claims,[1] *see id.* at 6–8; and c) that the Plaintiff has demonstrated entitlement to both the injunctive and monetary relief that it seeks, *see id.* at 9–17.

---

[1] The Plaintiff in this case brought the following claims: 1) "Count I – Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114)," Complaint at 14–15; 2) "Count II – False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))," *id.* at 15–16; 3) "Count III – Claim for Relief for Cybersquatting Pursuant to § 43(d) of the Lanham Act (15 U.S.C. § 1125(d))," *id.* at 16–17; 4) "Count IV – Common Law Unfair Competition," *id.* at 17–18; and "Count V – Common Law Trademark Infringement," *id.* at 18–19.

Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)."

*Id.* at 21. Despite this warning, the Defendants have not timely objected to Magistrate Judge Hunt's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 35] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 33] is **GRANTED** as follows:

a. <u>Permanent Injunctive Relief</u>: The Defendants and their officers, directors, employees, agents, representatives, servants, subsidiaries, distributors, attorneys, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

  i. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using the Plaintiff's trademarks, or confusingly similar trademarks identified in Paragraph 16 of the Complaint (the "Chanel Marks");

  ii. using the Chanel Marks in connection with the sale of any unauthorized goods;

  iii. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

  iv. falsely representing themselves as being connected with the Plaintiff, through sponsorship or association;

  v. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;

  vi. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants;

  vii. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or 19 sold by the Defendants as being those of the Plaintiff or in any way endorsed by the Plaintiff and from offering such goods in commerce; h. otherwise unfairly competing with the Plaintiff;

  viii. otherwise unfairly competing with the Plaintiff;

  ix. using the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches

      to websites or domain names, registered by, owned, or operated by the Defendants; and

   x. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

b. <u>Additional Equitable Relief</u>:

   i. In order to give practical effect to the Permanent Injunction, the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), are hereby ordered to be immediately transferred by the Defendants, their assignees and/or successors in interest or title, and the Registrars to the Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Names to the Plaintiff's control within five (5) days of receipt of this Judgment, upon the Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, or their administrators, including backend registry operators or administrators, shall, within thirty (30) days, (i) change the Registrar of Record for the Subject Domain Names to a Registrar of the Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to the Plaintiff, or (ii) place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP addresses where the associated websites are hosted;

   ii. The Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses identified on Schedule "B" hereto, which are used by the Defendants in connection with the Defendants' promotion, offering for sale, and/or sale of goods bearings and/or using counterfeits and/or infringements of the Chanel Marks;

   iii. The Plaintiff may serve this injunction on any Internet search engines with a request that they permanently disable, deindex or delist any specific URLs identified by the Plaintiff, based upon the Defendants' unlawful 20 activities being conducted via the Subject Domain Names as a whole and via the URLs identified by the Plaintiff;

   iv. The Defendants, their agent(s) or assign(s), shall assign in writing all rights, title, and interest, to their Subject Domain Name(s) to the Plaintiff and, if within five (5) days of receipt of this Order the Defendants fail to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at the Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a); and

   v. The Defendants, their agent(s) or assign(s), shall instruct in writing all

4

        search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of receipt of this Order the Defendants fail to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

   c. <u>Statutory Damages pursuant to 15 U.S.C. § 1117(c)</u>: Award the Plaintiff damages of $1,000,000 against each Defendant, for which let execution issue, based upon the court's finding that each Defendant infringed at least one trademark on one type of good. The Court considered both the willfulness of each Defendant's conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

   d. <u>Statutory Damages pursuant to 15 U.S.C. § 1117(d)</u>: Statutory damages in favor of the Plaintiff pursuant to U.S.C. § 1117(d) are determined to be:

      i. $10,000 against Defendant 1 – fakechanelshop.com, for its domain name, fakechanelshop.com, for which let execution issue;

      ii. $10,000 against Defendant 6 – cheapbagsshopping.com, for its domain name, replicachanelshop.com, for which let execution issue; and

      iii. $10,000 against Defendant 11 – 1creplicachanel.com, for its domain name, 1creplicachanel.com, for which let execution issue.

   e. <u>Interest</u>: Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

   f. <u>Bond</u>: The bond posted by the Plaintiff in the amount of $10,000.00 is ordered to be released by the Clerk.

   g. <u>Jurisdiction</u>: The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

3. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and any other pending motions are **DENIED** as moot.

5

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of July 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 1 | fakeschanelshop.com |
| 2 | esluxury.ru |
| 2 | essenc.ru |
| 2 | essenceofluxury.cn |
| 2 | essenceofluxury.vip |
| 2 | essenceofluxury106.ru |
| 2 | fantasticluxury.ru |
| 2 | k2-2.com |
| 2 | ofessentials.com |
| 3 | fabagg.net |
| 3 | fabags03.com |
| 4 | e8afashions.net |
| 4 | e8bagru.co |
| 4 | e8gogo.com |
| 4 | fashion8shops.net |
| 5 | bowlmar.com |
| 5 | gerochip.com |
| 6 | cheapbagsshopping.com |
| 6 | handbagsfakeshop.com |
| 6 | replicaschanelshop.com |
| 6 | replicashandbagsale.com |
| 7 | replicaluxbags.com |
| 7 | replicaluxurybags.com |
| 8 | cis-rhone-alpes.fr |
| 8 | payssl-365.top |
| 8 | shopsping365.xyz |
| 9 | luxurymybags.com |
| 9 | qualityluxurybags.com |
| 9 | replicapa.com |
| 10 | bagsrightdesigner.com |
| 10 | replicaxe.com |
| 11 | 1creplicachanel.com |
| 11 | fakescg.com |
| 12 | 12procase.com |
| 13 | aescat.com |
| 14 | alexcn.ru |
| 15 | ashion.ru |

| 16 | bagluxus.com |
|---|---|
| 17 | better7a.com |
| 18 | borsaoutlet.net |
| 19 | brandandbox.ru |
| 20 | bratzcloset.co |
| 21 | bzmpa.cn |
| 22 | cheap-bags.ru |
| 23 | cnnoobs.com |
| 24 | comingfashions.com |
| 25 | crisandco.co |
| 26 | defeiyibags.com |
| 27 | famousheels.to |
| 28 | fashioncheapbag.com |
| 29 | goldwatcheshop.com |
| 30 | ibyluxury.com |
| 31 | japanchannel.vip |
| 32 | jingbags.com |
| 33 | kalizeylux.com |
| 34 | lucybags.ru |
| 35 | lussoeborseit.com |
| 36 | luxier.co.uk |
| 37 | luxshion.com |
| 38 | luxupurse.com |
| 39 | luxury500.net |
| 40 | luxury-baron.com |
| 41 | luxurybellissimo.co.uk |
| 42 | luxurytasticreps.ru |
| 43 | lvbase.ru |
| 44 | lvluxurybag.ga |
| 45 | mainoov.com |
| 46 | mumus.top |
| 47 | myaalist.com |
| 48 | mythick.ru |
| 49 | outletshops2021.ru |
| 50 | replicafashion.ru |
| 51 | shoptobags.com |
| 52 | shoptywl.com |
| 53 | solebags.ru |
| 54 | sportmall1.com |
| 55 | thebagsilove.com |
| 56 | thefashiondesigner.ru |

| 57 | topluxury-buy.com |
|---|---|
| 58 | ustarbiz.ru |
| 59 | wenwenluxury.com |
| 60 | yimahandbags.cn |
| 61 | yoongxifengkaixing.com |

9

**SCHEDULE "B"**
**E-MAIL ADDRESSES USED IN CONNECTION WITH THE SALE OF**
**COUNTERFEIT GOODS BEARING THE CHANEL MARKS**

| |
|---|
| officialshopservice@gmail.com |
| gobuycase@gmail.com |
| aescat@outlook.com |
| cw2992059@gmail.com |
| dobestservice@outlook.com |
| borsedisconto@gmail.com |
| brandandbox@gmail.com |
| 365bagoutlet@gmail.com |
| comingfashionsservice@gmail.com |
| watchesc@outlook.com |
| ibyluxury@gmail.com |
| Lucybags.ru@gmail.com |
| Luxier.uk@gmail.com |
| winwen2021@gmail.com |
| hw77maysonlong@gmail.com |
| mainoov3@gmail.com |
| cnshoppe@gmail.com |
| lovesarastudio@gmail.com |
| cheryljhlu@hotmail.com |
| jopliherbeck34@gmail.com |